Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA 95110-2740
Phone: (408) 279-7000
Fax: (408) 998-1473
Email: kspelman@mount.com, dfingerman@mount.com

Counsel for San Francisco Technology Inc.

U.S. District Court
Northern District of California

| | |
|---|---|
| San Francisco Technology Inc.<br><br>Plaintiff<br><br>vs.<br><br>Franklin Sports, Inc.<br><br>Defendant | Case No. CV 10-05210<br><br>**Complaint**<br><br>**Demand For Jury Trial** |

*Qui tam* relator San Francisco Technology Inc. ("SF Tech") files this Complaint against defendant Franklin Sports, Inc. ("Franklin Sports") and alleges as follows:

## Nature of Action

1. This is a *qui tam* action to impose civil fines for false marking. As alleged further below, Franklin Sports has falsely marked articles in violation of 35 U.S.C. § 292 and must be civilly fined for each offense: "Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public ... Shall be fined not more than $500 for every such offense." Franklin Sports has falsely marked products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent. Accordingly, Franklin Sports falsely marked articles with intent to deceive the public.

## Parties

2. Plaintiff San Francisco Technology is a California corporation with its principal place of business in San Jose, California.

3. Upon information and belief, Franklin Sports is a Delaware corporation with its principal place of business at 17 Campanelli Parkway, Stoughton, MA, 02072.

## Jurisdiction & Venue

4. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 1355(a).

5. Venue is appropriate in this District under 28 U.S.C. §§ 1391(b) and 1395(a).

6. Upon information and belief, this court has personal jurisdiction over Franklin Sports because Franklin Sports has sold its products, including its falsely marked products in California and in this District and/or in the stream of commerce with knowledge that they would be sold in California and in this District. Upon information and belief, such sales are substantial, continuous, and systematic. Franklin Sports advertises its products, including its falsely marked products on its web site, at www.franklinsports.com. Franklin Sports advertises on that web site that its products are sold at many retail store chains which have locations in California and in this District, including

Sports Authority, Dick's Sporting Goods, JCPenney, and Target.[1]

## Intradistrict Assignment

7. This case is appropriate for District-wide assignment under Civil Local Rule 3-2(c) because the claims in this Complaint arise under 35 U.S.C. § 292, which is codified with the patent statutes.

## Franklin Sport's False Marking

8. SF Tech incorporates by reference all above allegations.

9. Upon information and belief, Franklin Sports makes and sells many types of products, including the SX Street Extreme Pro Street Hockey "Roll-A-Puck" (the "Accused Product").

10. Franklin Sports causes or contributes to the marking and advertising of products with the U.S. Patent Nos. 4,801,144 and D323,369, including, but not limited to, the Accused Product.

11. U.S. Patent No. 4,801,144, entitled "Hockey puck", issued on January 31, 1989. U.S. Patent No. D323,369, also entitled "Hockey puck", issued on January 21, 1992.

12. Franklin Sports individually marks the Accused Product: "US Pat. 4,801,144", US Pat. D-323369", and "Canadian Pat 62392."

13. On its website, Franklin Sports advertises the Accused Product as including the "Patented ROLL-A-PUCK design."[2] The web page dedicated to the Accused Product depicts four units of the Accused Product. On two of the pucks, the words "US PATENT NUMBER 4801144" are clearly visible. Franklin Sports designed this advertisement in a manner that makes this marking easily visible.

14. U.S. Patent Nos. 4,801,144 and D323,369 are expired patents. Upon information and belief, U.S. Patent No. 4,801,144 expired no later than September 2, 2007. Upon information and belief, U.S. Patent No. D323,369 expired no later than January 22, 2006.

15. Franklin Sport's falsely marked products are being sold in 2010 with such false markings, after the expiration of U.S. Patent Nos. 4,801,144 and D323,369.

16. Franklin Sports is a sophisticated company and has many years of experience applying for, obtaining, and maintaining patents. Franklin Sports also has extensive experience manufacturing

---

[1] http://www.franklinsports.com/fsm/b2c/Franklin-Sports-Retailers.htm
[2] http://www.franklinsports.com/fsm/b2c/streethockey/2010/12241.html

products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

17. Upon information and belief, Franklin Sports (including Franklin Sports' patent counsel) knew or should have known that the term of U.S. Patent Nos. 4,801,144 and D323,369 expired no later than their expiration dates.

18. Franklin Sports is no longer paying maintenance fees to the United States Patent and Trademark Office to maintain U.S. Patent No. 4,801,144.

19. Upon information and belief, Franklin Sports knew or should have known that U.S. Patent Nos. 4,801,144 and D323,369 had already expired at the same time Franklin Sports was marking and advertising products with U.S. Patent Nos. 4,801,144 and D323,369.

20. Franklin Sports knows, or at least reasonably should know, that U.S. Patent Nos. 4,801,144 and D323,369 do not protect the Accused Product, or any products whatsoever.

21. Franklin Sports could have no reasonable belief that it was proper to mark and advertise products with the numbers of the expired U.S. Patent Nos. 4,801,144 and D323,369, and the false marking was done with intent to deceive the public by, including, but not limited to, misusing its patent rights to extend the term of its patents and inhibiting competition.

22. For at least the reasons set forth herein, Franklin Sports has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely benefited in at least maintaining its market share in the marketplace.

23. For at least the reasons set forth herein, Franklin Sports has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely caused the retail price of its Accused Product to be inflated above normal market levels, and has caused the public to face inflated prices for its products.

24. The public deception, and/or competitive harm caused by each of Franklin Sports' false markings has and continues to harm the United States and the public, including relator SF Tech, a representative of the public incurring the cost and time associated with this enforcement.

### Demand For Judgment

SF Tech demands judgment against Franklin Sports, as follows:

1. A declaration that Franklin Sports violated 35 U.S.C. § 292.
2. An accounting of the number, sales, and revenue of any falsely marked articles not presented at trial.
3. A civil fine of $500 for each offense — half paid to the U.S., and half paid to SF Tech.
4. Costs, including attorney fees.
5. A finding that this is an exceptional case.
6. Any other relief the court deems appropriate.

## Demand For Jury Trial

SF Tech demands a jury trial on all issues so triable.

Date: November 17, 2010

Mount & Stoelker, P.C.,

_____
Counsel for San Francisco Technology Inc.